IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INES JARILLO | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | |
| JOSE LUIS CAMPUZANO Individually | § | |
| and d/b/a TEX-MEX AUTO & TRUCK | § | |
| SALVAGE | § | |

## DEFENDANT'S NOTICE OF REMOVAL

To the Honorable United States District Court:

Defendant, Jose Luis Campuzano individually and d/b/a Tex-Mex Auto & Truck Salvage ("Defendant"), and without waiving any of its defenses, hereby gives notice of the removal of this case from the 127th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441, 1446, 1332(a) and Local Rule 81.

## I.    INTRODUCTION

1.    Plaintiff filed her state court action against Defendant in Harris County, Texas, on May 20, 2024.[1] The case was docketed as Cause No. 2024-31952, *Ines Jarillo v. Jose Campuzano, Individually and d/b/a Tex-Mex Auto & Truck Salvage,* in the 127th Judicial District Court.

2.    Plaintiff brings a negligence claim against Defendant that arises out of an accident that occurred on May 20, 2022 at Tex-Mex Auto & Truck Salvage. Plaintiff alleges that she lost her balance and fell to the ground when Defendant's employee ordered her to climb a tall ladder to clean a light fixture on the ceiling.[2]

3.    Plaintiff seeks recovery of monetary relief over $1,000,000.00 and seeks recovery of damages for past and future medical expenses, physical pain and suffering, mental

---

[1] *See* Exhibit A, Plaintiffs' Original Petition.
[2] *Id.* at pgs. 3-4.

anguish, physical impairment, physical disfigurement, lost earnings and the loss of earning capacity as well as exemplary damages.[3]

4.      Plaintiff made a jury demand in her Original Petition.[4]

5.      Defendant was not properly served.

6.      Defendant has not appeared in the state court action.

## II.      STATEMENT OF THE ISSUES

7.      The parties are diverse and 28 U.S.C. § 1332 provides a basis for removal. Plaintiff is a citizen of a foreign state and is not a Texas citizen for the purposes of diversity jurisdiction, and Defendant Jose Luis Campuzano is a Texas citizen.

8.      The forum Defendant rule does not prohibit removal because Defendant was not properly served.

9.      There is no impediment to removal, and this action is properly removed pursuant to 28 U.S.C. § 1441(a).

## III.      BASIS FOR REMOVAL

### A.      Removal Standard

10.      District courts of the United States are conferred original jurisdiction over any civil matter between citizens of different states involving an amount in controversy that exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.[5]

11.      Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants.[6]

### B.      Diversity of Citizenship

---

[3] *Id.* at pg. 2.
[4] *Id.* at pg. 6.
[5] *See* 28 U.S.C. § 1441(a).
[6] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995).

12. Plaintiff is a citizen of a foreign state and is not a Texas resident for the purposes of diversity jurisdiction.

13. Defendant Jose Luis Campuzano is a Texas citizen.

14. As a result, there is complete diversity among the parties and removal is appropriate on the basis of diversity jurisdiction.

**C.   Amount in Controversy**

15. Removal is appropriate as the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff states in her Original Petition that "Plaintiff seeks monetary remedies of more than $1,000,000…"; and Plaintiff's damage claims include past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, physical disfigurement, lost earnings, loss of earning capacity and exemplary damages.[7]

16. The allegations in Plaintiffs' Original Petition clearly demonstrate that the amount in controversy in this case exceeds the jurisdictional requirements. Therefore, removal is proper as to the amount in controversy. 28 U.S.C. § 1332(a).

**D.   No Impediment to Removal**

17. The forum defendant rule, 28 U.S.C. § 1441(b)(2), prohibits removal by an in-state Defendant only if the Defendant was "properly joined and served" before removal.

18. Defendant Jose Luis Campuzano was not properly served.

19. The applicable state law requires that, when the citation and petition are being served via personal delivery, they must be served by delivering them to the defendant, in person.[8]

20. Here, Plaintiff's process server abandoned the suit papers at the facility where Defendant operated without accomplishing proper service.

**IV.   REMOVAL IS TIMELY AND PROPER**

---

[7] *See* Exhibit A, Plaintiffs' Original Petition.
[8] *See* Tex. R. Civ. P. 106.

3

21.     In general, if a suit is removable when it is filed, the defendant must file the notice of removal within 30 days after receiving both the summons and a copy of the complaint.[9]

22.     This notice of removal is timely filed no more than 30 days after receipt of the first pleading from which it may be ascertained that the case is removable. 28 U.S.C. 1446(b)(2)(B).

23.     This removal is also filed within one year of commencement of this action. 28 U.S.C. § 1446(c)(l).

24.     There are no other defendants from which consent is required.

## V.     JURISDICTION AND VENUE

25.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

26.     There are no statutory impediments to removal, and venue is appropriate in the Southern District of Texas, Division of Houston under 28 U.S.C. § 1441(a) because this district and division encompass Harris County, Texas where the state court action is pending.

## VI.     REQUIRED DOCUMENTS

27.     Pursuant to 28 U.S.C. 1446(a) and Local Rule 81 (1-4), Defendant attaches hereto copies of all pleadings, process, orders and other filings in the state court action as well as the state court action's docket sheet.[10]

28.     Pursuant to Local Rule 81 (5), Defendant attaches hereto an Index of the Matters Being Filed.[11]

29.     Pursuant to Local Rule 81(6), Defendant attaches hereto a List of All Counsel of Record.[12]

## VII.     REQUIRED NOTICE

---

[9] *See* 28 U.S.C. § 1446(b)(1).
[10] *See* Exhibits B.
[11] *See* Exhibit C.
[12] *See* Exhibit D.

30.     Defendant will promptly provide notice to all adverse parties in compliance with 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Harris County Clerk's Office.

## VIII.  FRCP RULE 38 JURY DEMAND

31.     A jury trial is demanded on all issues presented in this case.

## IX.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Jose Luis Campuzano individually and d/b/a Tex-Mex Auto & Truck Salvage notifies this Court of the removal of this action from the 127th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**BROWN SIMS**

By: _____

Christiane J. Chambers
Attorney-in-Charge
Texas Bar No. 24052306
S.D. Bar No. 2600069
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Tel: (713) 351-6249
Fax: (713) 629-5027
cchambers@brownsims.com

**ATTORNEY FOR DEFENDANTS JOSE CAMPUZANO INDIVIDUALLY AND DBA TEX-MEX AUTO & TRUCK SALVAGE**

Of Counsel:

BROWN SIMS
Allen D. Hemphill
Texas Bar No. 00796740
S.D. Bar No. 35337
Chinaza O. Okeke
Texas Bar No. 24131557
S.D. Bar No. 3803616
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Tel: (713) 351-6249
Fax: (713) 629-5027
ahemphill@brownsims.com
cokeke@brownsims.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy has been served upon all parties of record *via* CM/ECF filing on July 1, 2024.

_____
Christiane J. Chambers