IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INES JARILLO, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | C.A. No. 4:24-cv-02479 | |
| § | | |
| JOSE LUIS CAMPUZANO, § | | |
| INDIVIDUALLY AND D/B/A § | JUDGE CHARLES ESKRIDGE | |
| TEX-MEX AUTO & TRUCK SALVAGE, § | | |
|    Defendant. § | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Defendant Jose Luis Campuzano, Individually and d/b/a Tex-Mex Auto & Truck Salvage and Plaintiff, Ines Jarillo and file the following Joint Discovery/Case Management Plan pursuant to Federal Rule of Civil Procedure 26(f), and would respectfully show the following:

**1. State where and when the parties met as required by Rule 26(f). Identify the counsel who attended for each party.**

Communications were made by e-mail on September 11, 2024. The attorneys participating were:

For Plaintiff: David Mestemaker, Norman Straub, and Jonathan Zumwalt

For Defendant: Christiane J. Chambers

**2. Jurisdiction.**

   **a. Basis.** Specify the basis of federal jurisdiction.
   Identify any disagreements about jurisdiction.

   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

   **b. Diversity.** For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.

There is no disagreement about the amount in controversy.

3. **Case background.**

    a. **General description.** Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.

    Plaintiff filed suit against Defendant bringing claims of negligence and gross negligence after an accident that occurred on May 22, 2022 at Tex-Mex Auto & Truck Salvage. The case was filed in Harris County state court. Plaintiff alleges that she lost her balance and fell from a tall ladder after she was told to climb it to clean a light fixture on the ceiling.

    Plaintiff alleges that she is an employee of Defendant and that Defendant failed to train its employees to perform dangerous tasks, provide special equipment to conduct these tasks, and provide adequate safety policies or procedures.

    Defendant denies all of Plaintiff's allegations, denies any negligence, and specifically denies that Plaintiff was an employee.

    Defendant also contends that he has not been served.

    On July 1, 2024, Plaintiff's action was removed from state court.

    b. **Related cases.** List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

    None.

    c. **Narrowing factual issues.** Specify any agreements or stipulations that can be made about any relevant facts or any element in the cause(s) of action.

    None.

    d. **Narrowing legal issues.** State any legal issues that can be narrowed by agreement or by motion.

    None.

    e. **Class issues.** Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

    None.

4. **Parties.**

    a. **Unserved parties.** List any unserved parties.
    State a date certain by which such party will be served.

    Jose Luis Campuzano has not been served. Defendant files this in compliance with the Court's order.

    b. **Additional parties.** List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

None.

- c. **Interventions.** List and briefly explain any anticipated interventions.

    None.

- d. **Interested persons.** Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

    Defendant has filed the Disclosure of Interested Persons in compliance with the Order for Conference and Disclosure of Interested Parties.

5. **Discovery.**

    - a. **Initial disclosures.** State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

        The parties Rule 26(a) initial disclosures are due on or before September 25, 2024.

    - b. **Topics.** Specify the topics which discovery is needed. State whether the parties considered conduction discovery in phases.

        Plaintiff will seek discovery on topics including Plaintiff's scope of employment with Defendant.

        Defendant will seek discovery on topics including the nature and extent of Plaintiff's injuries and damages.

    - c. **Completed.** Specify any discovery already underway or accomplished.

        None.

    - d. **Limitations.** Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.

        None.

    - e. **Preservation.** Describe any issues about preservation of discoverable information.

        None.

    - f. **Disputes.** Specify any discovery disputes.

        The parties do not have any current disputes regarding the scope of discovery or electronic discovery.

6. **Orders.**

    - a. **Scheduling and docket control order.** State whether any party request a change to the scheduling and docket control order entered in this case. Specify reasons for any extension believed necessary and clearly indicate any

disagreements. Complete and attach a proposed scheduling and docket control order reflecting any extension sought.

The Parties have attached a proposed scheduling and docket control order. More time is needed for discovery before experts can be designated and before the Parties can prepare for trial.

    **b. Protective order.** State whether the parties will submit for entry a protective order. Describe any issues about confidentiality.

Not applicable.

    **c. E-discovery order.** State whether the parties will submit for entry an order with respect to electronic discovery. Describe any issues about disclosure or discovery of electronically stored information.

**7. Settlement.** Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amendable to early mediation or other settlement attempt.

The parties have not discussed early settlement or resolution, but Defendant is willing to do so.

**8. Trial.**

    **a. Magistrate Judge.** Indicate the parties' joint position on referral of this case for all purposes, including trial, to magistrate Judge Christina A. Bryan.

The parties do not jointly consent to a trial before a magistrate judge.

    **b. Jury Demand.** Identify any party that has made a jury demand and whether it was timely.

Plaintiff made a timely jury demand in her state court petition and Defendant requested a jury trial in Cause No. 4:24-cv-02479, *Ines Jarillo v. Jose Luis Campuzano Individually and d/b/a Tex-Mex Auto & Truck Salvage*, In the United States District Court for the Southern District of Texas – Houston Division.

    **c. Length of trial.** Specify the number of hours it will likely take to present the evidence at trial in this case.

The parties expect that it may take between 32 and 40 hours to present the evidence in this case, but this estimation may be amended as the case develops.

**9. Pending motions.** List all pending motions. Specify any appropriate for argument at the initial pretrial conference.

None currently.

**10. Other matters.** List any other matter that deserves attention at the initial pretrial conference.

None at this time.

Respectfully submitted,

**BROWN SIMS**

By: _____
Christiane J. Chambers
Attorney-in-Charge
Texas Bar No. 24052306
S.D. Bar No. 2600069
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Tel: (713) 629-1580
Fax: (713) 629-5027
cchambers@brownsims.com

**ATTORNEY FOR DEFENDANTS JOSE CAMPUZANO INDIVIDUALLY AND DBA TEX-MEX AUTO & TRUCK SALVAGE**

Of Counsel:

BROWN SIMS
Allen D. Hemphill
Texas Bar No. 00796740
S.D. Bar No. 35337
Chinaza O. Okeke
Texas Bar No. 24131557
S.D. Bar No. 3803616
1990 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Tel: (713) 629-1580
Fax: (713) 629-5027
ahemphill@brownsims.com
cokeke@brownsims.com

**MESTEMAKER, STRAUB & ZUMWALT**

By: */s/David K. Mestemaker*
David K. Mestemaker
Texas Bar No.
Norman Straub
Texas Bar No.
Jonathan B. Zumwalt
Texas Bar No.
3100 Timmons Lane, Suite 355
Houston, Texas 77027
Tel: (713) 626-8900
Fax: (713) 626-89100
contact@mandsattorneys.com

**ATTORNEYS FOR PLAINTIFF INES JARILLO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy has been served upon all parties of record *via* CM/ECF filing on September 18, 2024.

_____
Christiane J. Chambers